Giving credit on account is evidence of the thing credited being accepted in payment,

*RISON* vs. *YOUNG & TURNBULL.*

APPEAL from the court of the 6th district, the judge of the 5th presiding.

MATHEWS, J. delivered the opinion of the court. This suit is brought by the heirs of Jarret Rison, (whose succession was administered as being vacant) against the sureties of a certain C. K. Blanchard, who appears, (according to the bond on which the plaintiff relies for a recovery,) to have been appointed curator to the vacant succession on the 27th of November 1816. The court below gave judgment in favour of the plaintiff, for $4,376, 90 cents, from which the defendants appealed.

The evidence of the case shews: that Blanchard gave his bond as curator of J. Rison's estate, with J. Dill, the ancestor of Mrs. Young, and W. Turnbull sureties, that he should faithfully perform the duties required of him by law, in his administration of the succession committed to his charge as curator aforesaid, and that in his capacity as such, he received from the parish judge a large amount of notes and other orders of debts due to the estate of the intestate, to be by him collected for the benefit thereof. No account appears to have

been rendered by him to the judge of probates, as required by law, but several of the claims which he had to collect, seem to be satisfactorily accounted for by the documents received in evidence in this suit which were offered on the part of the defendants: the judgment of the district court being only for the balance of the whole amount of claims placed in the hands of the curator for collection as above stated, after deducting the sums thus accounted for.

The appellants deny that they are in any manner responsible to the appellee, because the curator was guilty of no neglect of duty or *malfeasance* in office, during the period for which they bound themselves to answer for his faithful administration. Should it however be considered that they are responsible for the conduct of Blanchard, as curator, this responsibility ceased on the appointment of a new curator to the estate of Ryson, which took place in the person of the said Blanchard on the 5th of March, 1818, and that up to that period, from the time he received the claims of the successor to collect, no part thereof could have been legally collected.

From this statement of the case, it is evi-

dent that the legal obligations of the defen-
dants must be tested by the provisions of the
old civil code, on the subject of vacant es-
tates.

They are to be administered by curators ap-
pointed for that purpose, who are bound to
give security for the faithful discharge of their
duty, and the restitution of all sums which
they may receive during their administration.
*See old code, p.* 176, *art.* 134. They were
also bound to render an account to the parish
judge by whom they were appointed, of their
administration at the expiration of one year
and one day, from the appointment, which
term might be extended three months longer;
*See same art. p.* 180, *art.* 144. Their func-
tions ceased on the rendition of such account.
*See preceding art. same page.*

We have already stated, that Blanchard re-
ceived his first appointment on the 27th of
November 1816. On the 2d of May and 9th
of November of the year 1817, (as appears
by his receipt of those dates) he received the
notes, bonds &c. to collect for the benefit of
the succession which he then administered.
The greater part of the sums which the cura-
tor was bound to collect, did not become due

until the 1st of March 1818, and 1819; long
after the expiration of the time of office fixed
by law for the duration of the administration
of vacant successions by curators. On the 5th
of March 1818, it appears by the evidence of
a bond which was held by this court, to be in-
complete, and not binding on the sureties, (in
the case of Wills vs. Dill, reported in 1, *N. S.*
*p.* 592,) that Blanchard was re-appointed cu-
rator of Rison's succession. It is objected
that this instrument being imperfect, and with-
out force against the sureties therein named,
affords no proof of the re-appointment. The
only evidence which appears on the record of
the first appointment of Blanchard, is the bond
on which the plaintiff relies. The last bond
although incomplete, we are of opinion, proves
the re-appointment as effectually as the first
did that which took place in 1816, for both
must have preceded the execution of the bonds.

The whole amount of debts which the cu-
rator had to collect according to his receipt
of the 2d of May 1817, did not become due
until the 1st of March 1818. His power to
enforce payment as curator had ceased by
limitation of law, on the 29th of November, of
he year preceding. A violent presumption

therefore arises that he did not collect any part of the debts thus intrusted to him. It is true perhaps that he ought to have returned the evidences of them to the parish judge from whom they had been received, and to have rendered an account of his administration within the time prescribed by law. In that event they would have been handed over to a new curator: but he obtained this office for himself and consequently held them under the new appointment and under that alone would have been responsible to J. Rison's heirs for any amount collected; or the return of the evidences whic shewed the debts due to the succession of the intestate. The curator was by law bound to render an account of his administration at the expiration of his first term of office; but it appears to us that his neglect in this respect, has not produced any injury to the plaintiff resulting from his management of the vacant succession, considered in reference to the sums which he ought to have collected in pursuance of his receipt of the 2d of May 1817, because under his first appointment he had not time to inforce their payment. The sureties to the bond may well have imagined that they were entering into

responsibility only for the acts which the cu-
rator had legal power to do during the period
of one year and one day—within that period
it is impossible that he could have inforced
the payment of the debts specified in his first
receipt to the parish judge, and as to them
his sureties ought not to be held liable.

The amount of claims expressed in the receipt of November 1817, must be presumed to have been due when the curator received them for collection, and as he has not accounted for them, the sureties are answerable to the plaintiff for the amount of those claims.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the plaintiff and appellee do recover from the appellants and defendants, (*in solido*) the sum of six hundred and thirty two dollars, and eighty-one cents, (632 81) and that the appellee pay the costs of this appeal, those of the court below to be borne by the appellants.

*Thomas & Winn* for the plaintiff—*Oakley, Scott & Wilson* for the defendant.